**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------------------X
MERVE SIRIN, MELIS BARNETT-ALPINAR and
KUTAY AKYUZ, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

                                            Plaintiffs,

                    -against-

PORTX, INC., PETER EYUP ULU, and SANDY SENAY ULU, *jointly and severally,*

                                            Defendants.
----------------------------------------------------------------------------X

Case No.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Merve Sirin ("SIRIN"), Melis Barnett-Alpinar ("ALPINAR"), and Kutay Akyuz ("AKYUZ") (collectively, "Plaintiffs"), on behalf of themselves, FLSA Collective Plaintiffs and the Class, alleges against Defendants Portx, Inc. ("PORTX"), Peter Eyup Ulu ("P.ULU"), and Sandy Senay Ulu ("S.ULU") (collectively, Defendants"), upon information and belief, as follows:

**NATURE OF THE CLAIMS**

1. Plaintiffs were former employees at Defendants' logistics company located in Hasbrouck Heights, New Jersey.

2. Plaintiffs were each compensated straight time for all hours worked, despite the fact that they were non-exempt employees and routinely worked in excess of forty (40) hours each week.

3. Defendants' payment schemes resulted in the systematic underpayment of wages to Plaintiffs and similarly situated employees in violation of the federal and state wage laws.

4. Plaintiffs bring this action to recover unpaid wages owed to them and similarly situated employees pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 et. seq.

1

("FLSA") and New Jersey Wage and Hour Law, N.J.S.A. 34:14-56a *et. seq.* ("NJWHL").

5. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et. seq.* ("FLSA") that they and similarly situated employees of Defendants are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, (3) interest and (4) attorneys' fees and costs.

6. Plaintiffs further allege, pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:14-56a *et. seq.* ("NJWHL") and the New Jersey Wage Collection Law ("NJWCL") that they and similarly situated employees of Defendants are entitled to recover from Defendants: (1) unpaid overtime, (2) penalties for wage notice violations, (3) liquidated damages, (4) interest and (5) attorneys' fees and costs.

7. Plaintiffs bring FLSA claims on behalf of themselves and all other similarly situated employees who worked for the Defendants at any time during the three (3) years prior to the commencement of this action ("Collective Action Members').

8. Plaintiffs bring their claims under NJWHL and NJWCL on behalf of themselves and all other similarly situated employees who worked for the Defendants at any time during the six (6) years prior to the commencement of this action ("Class" or "Class Action Members").

9. In addition, Defendants failed to issue Plaintiffs W2s and filed fraudulent wage notices, whereby Defendants' failed to report proper Federal and State tax, social security, FICA, and employee withholding deductions to the Internal Revenue Service, depriving Plaintiffs of properly filing their taxes.

10. Accordingly, Plaintiffs brings this action on behalf of similarly situated employees pursuant to Internal Revenue Code 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New Jersey state law.

12. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

15. Plaintiff SIRIN was and is a resident of Bergen County, New Jersey.

16. Plaintiff ALPINAR was and is a resident of Hudson County, New Jersey.

17. Plaintiff AKYUZ was and is a resident of Bergen County, New Jersey.

18. Defendant PORTX was and is a domestic for-profit corporation organized under the laws of the State of New Jersey, with a principle place of business at 411 Route 17, Suite 320 Hasbrouck Heights, New Jersey 07604.

19. At all times relevant to this action, Defendant PORTX has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

20. Defendant PORTX operates an intermodal shipping company which involves the moving of freight in an intermodal container, using multiple modes of transportation without any handling of the freight itself when changing modes in interstate commerce.

21. Defendant P.ULU upon information and belief was and is a resident of the State of New Jersey.

22. Defendant S.ULU upon information and belief was and is a resident of the State of New Jersey.

23. At all times relevant to this action, P.ULU was and is the President and owner of Defendant PORTX.

24. At all times relevant to this action, S.ULU was and is the Vice-President and owner of Defendant PORTX.

25. Defendants P.ULU and S.ULU exercised control over the employment terms and conditions of Plaintiffs and similarly situated employees and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs and similarly situated employees.

26. At all times, Plaintiffs could complain to P.ULU and S.ULU directly regarding any of the terms of their employment, and P.ULU and S.ULU would have the authority to effect any changes to the quality and terms of Plaintiffs' employment.

27. Defendants P.ULU and S.ULU exercised functional control over the business and financial operations of employees, including payments of cash wages, recording hours, tax withholdings, wage notices, and adhering to Federal and State regulations for employment practices and compensation.

28. At all relevant times, P.ULU was an "employer" within the meaning of the FLSA and the Regulations thereunder.

29. At all relevant times, S.ULU was an "employer" within the meaning of the FLSA and the Regulations thereunder.

## FACTUAL ALLEGATIONS

30. Defendants operate a licensed and insured New Jersey logistics company.

31. The nature of Defendants' business is to employ field and office employees to ensure the delivery and pickup of freight in intermodal containers.

Plaintiff SIRIN

32. Plaintiff SIRIN commenced employment with Defendants from about December 2017 through August 9, 2019.

33. Plaintiff SIRIN regularly worked over forty hours a week.

34. That at all times relevant, Plaintiff SIRIN was employed as a Customer Service Representative.

35. Plaintiff SIRIN was assigned to provide customer support by way of answering clients phone calls and responding to emails.

36. That at all times relevant, Plaintiff SIRIN was misclassified as an independent contractor by Defendants, despite her having set hours, set pay, and was given tools and supplies provided by the Defendants.

37. During Plaintiff SIRIN's employment with the Defendants, she worked in excess of forty (40) hours per week, routinely working from Monday through Friday, from 8 a.m. to 7 p.m.

38. That at all relevant times, Plaintiff SIRIN worked between 10-11 hours a day.

39. Upon commencement of employment, Defendants' compensated Plaintiff SIRIN a flat daily rate of $160.00 per day.

40. That at all times relevant, Defendants compensated Plaintiff SIRIN and other similarly situated employees by check.

41. Additionally, Plaintiff SIRIN was docked for her sick days in early August 2019, when she had sick days available which Defendant P.ULU had confirmed.

42. When Plaintiff confronted Defendant P.ULU he stated, nobody has any sick days or paid vacation in this company until [I] say, if any of the employees who don't accept this, he or she can leave.

43. That at all times relevant, Defendants maliciously and willingly misclassified Plaintiff SIRIN as an independent contractor and issued her a 1099 in order to avoid paying taxes.

44. As a result, Defendants fraudulently benefited from wage reporting and taxes by paying less employer wage taxes than other competitors and companies.

39. In fact, Defendants intentionally failed to maintain proper records of Plaintiff's hours as well as the hours of all other employees to circumvent reporting regulations.

45. Defendants did not provide a wage notice to Plaintiff SIRIN upon her hire; or annually.

46. Defendants did not provide Plaintiff with a proper wage statement with each payment she received.

47. Only when Plaintiff SIRIN informed Defendant S.ULU on or about February 2019 regarding her taxes owed on wages did Defendants begin issuing Plaintiff SIRIN wage statements.

48. Although Plaintiff SIRIN worked over forty hours per week, Defendants failed to pay her at the required overtime premium rate.

Plaintiff ALPINAR

49. Plaintiff ALPINAR worked with Defendants from about November 2018 through August 16, 2019.

50. Plaintiff ALPINAR regularly worked over forty hours a week.

51. That at all times relevant, Plaintiff ALPINAR was employed as a Customer Service Representative.

52. Plaintiff ALPINAR was assigned to provide customer support by way of answering clients phone calls and responding to emails.

53. That at all times relevant, Plaintiff ALPINAR was misclassified as an independent contractor by Defendants, despite her having set hours, set pay, and was given tools and supplies provided by the Defendants.

54. During Plaintiff ALPINAR's employment with the Defendants, she worked in excess of forty (40) hours per week, routinely working from Monday through Friday, from 8 a.m. to 7 p.m.

55. That at all relevant times, Plaintiff ALPINAR worked between 10-11 hours a day.

56. Upon commencement of employment, Defendants' compensated Plaintiff ALPINAR a flat weekly rate of $500.00 despite, her working significant overtime.

57. That at all times relevant, Defendants maliciously and willingly misclassified Plaintiff ALPINAR as an independent contractor and issued her a 1099 in order to avoid paying taxes.

58. As a result, Defendants fraudulently benefited from wage reporting and taxes by paying less employer wage taxes than other competitors and companies.

40. In fact, Defendants intentionally failed to maintain proper records of Plaintiff's hours as well as the hours of all other employees to circumvent reporting regulations.

59. Defendants did not provide a wage notice to Plaintiff ALPINAR upon her hire; or annually.

60. Defendants did not provide Plaintiff ALPINAR with a proper wage statement with each payment she received.

61. Although Plaintiff worked over forty hours per week, Defendants failed to pay her at the required overtime premium rate.

62. Upon information and belief, Defendants P.ULU and S.ULU orchestrated this wage scheme to avoid paying employee wage taxes to the Federal and State government.

Plaintiff AKYUZ

63. Plaintiff AKYUZ worked with Defendants from about May 2018 through September 2019.

64. Plaintiff AKYUZ regularly worked over forty hours a week.

65. That at all times relevant, Plaintiff AKYUZ performed accounting work providing financial information to management by researching and analyzing accounting data and preparing reports.

66. That at all times relevant, Plaintiff AKYUZ was misclassified as an independent contractor by Defendants, despite his having set hours, set pay, and was given tools and supplies provided by the Defendants.

67. During Plaintiff AKYUZ's employment with the Defendants, he worked in excess of forty (40) hours per week, routinely working from Monday through Friday, from 8 a.m. to 6:30 p.m.

68. That at all relevant times, Plaintiff AKYUZ worked between 10-11 hours a day.

69. Upon commencement of employment, Defendants' compensated Plaintiff AKYUZ a flat weekly rate of $750.00.

70. That at all times relevant, Defendants maliciously and willingly misfiled Plaintiff AKYUZ as an independent contractor and issued him a 1099 in order to avoid paying taxes.

71. As a result, Defendants fraudulently benefited from wage reporting and taxes by paying less employer wage taxes than other competitors and companies.

72. Defendants did not provide a wage notice to Plaintiff AKYUZ upon his hire; or annually.

73. Defendants did not provide Plaintiff AKYUZ with a proper wage statement with each payment he received.

74. Although Plaintiff AKYUZ worked over forty hours per week, Defendants failed to pay him at the required overtime premium rate.

Defendants' Unlawful Corporate Policies and Schemes

75. Defendants unlawfully reported inaccurate tax statements of Plaintiffs on annual IRS W-2 Notices and did not report any wages altogether for certain periods.

76. Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

77. Defendants failed to report accurate tax withholdings to the IRS and filed fraudulent statements in violation of 26 U.S.C. §7434.

78. That at all times relevant, Defendants maintained a common policy and practice in failing to compensate non-exempt employees overtime premiums and threatening such employees with termination upon any complaints thereof.

79. That at all times relevant, Plaintiffs witnessed Defendants' systematic wage and reporting violations.

80. That at all times relevant Defendants employed approximately 10-20 non-exempt employees to maintain its operations.

81. As a result, Plaintiffs and other similarly situated employees are deprived of legal overtime premiums and proper reporting of wage income.

## FLSA COLLECTIVE ACTION ALLEGATIONS

82. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including customer representatives, warehouse employees, delivery employees, packaging employees, and administrative staff employed by the Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

83. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

84. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail in English, Turkish, Spanish or any other language for the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW JERSEY**

85. Plaintiffs also bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including customer representatives, warehouse employees, delivery employees, packaging employees and administrative staff employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class period").

86. All said persons, including the Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of

notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

87. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

88. The Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failure to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

89. The Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

90. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to

prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.

91. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

92. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

93. Defendants and other employers throughout the state violate the New Jersey wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

94. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a) Whether Defendants employed the Plaintiffs and Class members;

    (b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

    (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiffs and Class members for their work;

    (d) Whether Defendants properly notified the Plaintiffs and Class members of their hourly rate and overtime rate; and

    (e) Whether Defendants paid the Plaintiffs and Class members the proper overtime compensation.

## COUNT I
## FLSA – UNPAID OVERTIME

95. Plaintiffs, on behalf of themselves and the Collective Action Members, hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

96. By failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§201 *et. seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

97. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NJWHL – UNPAID OVERTIME

98. Plaintiffs, on behalf of themselves and the Class Action Members, hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

99. Defendants intentionally and willfully failed to pay and refused to pay Plaintiffs and the Class overtime wages in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 et seq., the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-5.1, throughout their employment.

100. Defendants' willful violations entitle Plaintiffs and the Class to the recovery of unpaid overtime, liquidated damages, reasonable attorneys' fees and costs of the action to be determined by the court, plus interest.

## COUNT III
## NJWHL – FAILURE TO PROVIDE WAGE STATEMENT

101. Plaintiffs, on behalf of themselves and the Class Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

102. Defendants have willfully failed to supply Plaintiffs with an accurate statement of wages as required by New Jersey Wage and Hour Law, N.J.S.A. 34:14-56a *et. seq,* containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

103. Due to Defendants' violations of NJWHL, Plaintiffs are entitled to recover from Defendants

liquidated damages in an amount up to two hundred (200) percent of wages due to the employee for violations of the State Wage and Hour Laws.

### COUNT IV
### NJSA – SICK LEAVE

104. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

105. On October 29, 2018 the New Jersey Paid Sick Leave Act, N.J.S.A. 34:11D-1 et seq., became effective requiring the Defendants to provide the Plaintiffs and the Class Members one hour of paid leave for every 30 hours worked.

106. The New Jersey Paid Sick Leave Act further mandated that the Defendants provide written notice to the Plaintiffs and existing Class Members by November 29, 2018. Defendants violated these provisions by intentionally failing to provide the requisite notice.

107. The New Jersey Paid Sick Leave Act further required the Defendants to maintain paid leave records for up to five years with the caveat that any failure to maintain or retain adequate records creates rebuttable presumption that employer violated the Act.

108. Failure to comply with the requirements of the New Jersey Paid Sick Leave Act gives rise to the Plaintiffs and the Collective Members to a private right of action.

109. By failing to pay sick leave Defendants caused the Plaintiffs and the NJWL Class Members to suffer loss of wages and interest thereon.

110. Due to Defendants' violations of the NJWL, the Plaintiffs and the NJWL Class Members are entitled to recover from Defendants their unpaid sick leave wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## COUNT V
## <u>CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a))</u>

111. Plaintiffs, on behalf of themselves and the Class Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

112. By failing to provide Plaintiffs and Collective Action Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiffs and the Class as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

113. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray for an Order:

A. Requiring Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt during the applicable statute of limitations period, but were not paid overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week;

B. Authorizing Plaintiffs' counsel to issue a notice informing Class Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C. Designating Plaintiffs Merve Sirin, Melis Barnett-Alpinar, and Kutay Akyuz as class representative of the New Jersey Class, and counsel of record as Class Counsel;

D. Finding that Defendants willfully violated the applicable provisions of the FLSA and NJSWHL by failing to pay all required wages to Plaintiff and the Class Members;

E. Granting judgment in favor of Plaintiffs and the Class Members on their FLSA and NJWHL claims;

F. Awarding compensatory damages to Plaintiffs and the Class Members in an amount to be determined;

G. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Class Members;

H. Awarding liquidated damages to Plaintiffs and the Class Members;

I. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

J. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Class Members, and the risks they are undertaking;

K. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

L. Awarding any further relief the Court deems just and equitable; and

M. Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Pursuant to Rule 38 (b) of the FRCP, Plaintiffs hereby demand a trial by jury.

Dated: June 26, 2020
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiffs*