# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400   Fax. (212) 825-1440

ZAFER A. AKIN                                                                                                     JUSTIN AMES
ROBERT D. SALAMAN                                                                                          OLENA TATURA
                                                                                                                               KAYLA CALLAHAN
-----------------------------------                                                                      -----------------------------------

November 5, 2021

**Via ECF**

Honorable Cathy L. Waldor
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: *Merve Sirin et al. v. Portx, Inc., et al.*
       Case No. 20-CV-7853 (SRC) (CLW)
       **Joint Letter Motion for Settlement Approval**

Dear Judge Waldor:

  We are counsel to Plaintiffs Merve Sirin ("Sirin"), Melis Barnett-Alpinar ("Alpinar") & Kutay Akyuz ("Akyuz") (collectively, "Plaintiffs"). We write jointly with Defendants Portx, Inc., Peter Eyup Ulu and Sany Senay Ulu (collectively, "Defendants") (together, the "Parties") to seek approval of the Parties' Settlement Agreement (the "Agreement"), attached hereto as Exhibit A. The Agreement provides for settlement payments of $92,500.00, to be paid as follows: $31,255.64 to Sirin, $18,633.18 to Akyuz, $10,218.20 to Alpinar and $32,392.98 to Plaintiffs' counsel.

  For the reasons discussed herein, the Parties respectfully seek an Order granting their Motion and approving the Agreement as a fair and adequate resolution of a bona fide dispute between the Parties arising under federal and state law.

## Brief Statement of Facts

  The Defendants operate an intermodal shipping company which involves the moving of freight in an intermodal container, using multiple modes of transportation. Sirin was employed by Defendants from December 7 to August 9, 2019, performing customer service support work answering phone calls and responding to emails. Sirin alleges that she worked Monday to Friday 8am to 7pm (55 hours per week) and was paid $800.00 per week.

  Alpinar was employed by the Defendants from November 2018 to August 16, 2019, performing customer service support work answering phone calls and responding to emails. Alpinar alleges that she worked Monday to Friday 8am to 7pm (55 hours per week) and was paid

1

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400    Fax. (212) 825-1440

$500.00 per week. Akyuz was employed by the Defendants from May 2018 to September 2019, performing accounting work. Akyuz alleges that he worked Monday to Friday 8am to 630pm (52.5 hours per week) and was paid $750.00 per week. All three Plaintiffs were classified as 1099 employees.

On October 28, 2020, Plaintiffs filed an Amended Complaint against Defendants seeking to recover unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207, and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:14-57 (ECF Doc. No. 15). Sirin also alleged a separate claim for unpaid sick leave under the New Jersey Paid Sick Leave Act, N.J.S.A. 34:11-D1. Plaintiffs claim that despite working in excess of forty hours per week, Plaintiffs were not paid overtime for the hours worked in excess forty week.

Defendants filed an Answer to the Lawsuit, asserting certain Affirmative Defenses and denying any liability for the claims asserted in the Lawsuit (ECF Doc. No. 16). Defendants contend that Plaintiffs were paid at a lawful rate at all relevant times. Defendants further contend that Plaintiffs were properly classified and were overtime exempt. Moreover, absent the overtime exemption, Defendants contend Plaintiffs were not eligible for overtime because they did not work more than forty (40) hours per week for Defendants.

Notably, Plaintiffs never moved under Federal Rule 23 to certify a class. Similarly, Plaintiffs did not seek to join additional claimants to the lawsuit. Accordingly, this matter involved only the three named Plaintiffs.

The Parties negotiated at arm's length and reached this Settlement Agreement in good faith. This motion follows the settlement reached by the Parties.

## Argument

### I. Legal Standard

The FLSA establishes federal minimum wage, maximum hour and overtime guarantees that cannot be modified by contract. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014). When "employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Rabbenou v. Dayan Foods, Ltd.*, No. 17-cv-1330, 2017 U.S. Dist. LEXIS 122055, *2 (D.N.J. Aug. 3, 2017) (Salas, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Morales v. PepsiCo, Inc.*, No. 11-cv-6275, 2012 U.S. Dist. LEXIS 35284, *1 (D.N.J. Mar. 14, 2012)).

District courts in the Third Circuit have held that FLSA claims can be settled in two ways: 1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or 2) with the district court's approval of a settlement under 29 U.S.C. § 216(b). *Rabbenou*, 2017 U.S. Dist. LEXIS 122055 at *2 n.1; *Gabrielyan v. S.O. Rose Apts. LLC*, No. 15-cv-01771, 2015 U.S. Dist. LEXIS 135615, *3

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel.  (212) 825-1400    Fax.  (212) 825-1440

(D.N.J. Oct. 5, 2015) (Cecchi, J.) (citing *Bredbenner v. Liberty Travel, Inc.*, Nos. 09-cv-905, 09-cv-1248, 09-cv-4587,*18 (D.N.J. Apr. 8, 2011)); *Brumley v. Camin Cargo Control, Inc.*, No. 08-cv-1798, 2012 U.S. Dist. LEXIS 40599 (D.N.J. Mar. 26, 2012); *Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 U.S. Dist. LEXIS 7213, *3 (M.D. Pa. Jan. 22, 2015).

[A] district court "may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Rabbenou*, 2017 U.S. Dist. LEXIS 122055 at *2; *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *3-4; *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-cv-6820, 2014 U.S. Dist. LEXIS 30366, *2 (E.D. Pa. Mar. 7, 2014); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012).

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *3-4 (quoting *Lynn's Food*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in the Third Circuit consider both: 1) whether the compromise is fair and reasonable to the employee, and 2) whether the compromise otherwise frustrates the implementation of the FLSA. *Id*. at *4.; *see also Singleton v. First Student Mgmt. LLC*, No. 13-cv-1744, 2014 U.S. Dist. LEXIS 108427, *8 (D.N.J. Aug. 6, 2014); *Chickie's*, 2014 U.S. Dist. LEXIS 30366 at *2.

Thus, in determining whether to approve a settlement for FLSA claims, the Court must engage in a three-part analysis. First, the Court must determine that the settlement concerns a bona fide dispute. Second, the Court must determine that the settlement is fair and reasonable to the Plaintiff. Third, the Court must determine that the settlement does not frustrate the purpose of the FLSA. *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *4.[1]

### II. The Agreement should be approved because it resolves a bona fide dispute and it is fair and reasonable to all Parties

<u>First</u>, there is a bona fide dispute between the parties.  The dispute concerns whether Plaintiffs were properly classified as overtime exempt under the FLSA and, if not, whether Plaintiffs worked sufficient hours entitling them to overtime pay.  Defendants alleged that Plaintiffs were exempt from overtime pay pursuant to the executive and administrative exemptions under 29 CFR Part 541 and that they did not work more than forty (40) hours per week.  Plaintiffs alleges that they were not exempt from FLSA coverage and therefore are entitled to overtime wages under federal and state law.  Defendants also allege Plaintiffs did not regularly work more than 40 hours per week and, therefore, are not entitled to overtime pay.

---

[1] The Court is not required to approve a settlement of Plaintiffs' state law claims. *Gabrielyan*, 2015 U.S. Dist. LEXIS 13515 at *4 n.1 (citing *Weismantle v. Jali*, No. 13-cv-1087, 2015 U.S. Dist. LEXIS 5345, *1 (W.D. Pa. Apr. 23, 2015)) (noting that although parties seek approval of the settlement of FLSA claims, their parallel state law claims do not require judicial approval.

**AKIN LAW GROUP PLLC**

45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400   Fax. (212) 825-1440

Plaintiffs allege that they did regularly work more than 40 hours and are entitled to overtime pay. As such, there is a bona fide dispute.

Second, the Agreement is fair and reasonable to Plaintiffs. The Agreement provides for settlement payments totaling $92,500.00 to be paid as follows: $31,255.64 to Sirin, $18,633.18 to Akyuz, $10,218.20 to Alpinar and $32,392.98 to Plaintiffs' counsel. Without such settlement, this action would result in extensive discovery and litigation. Every fact was in dispute between the Parties. Defendants have strong defenses to Plaintiffs' claims, including that Plaintiffs were exempt and did not work over forty hours.

Moreover, the Third Circuit has noted that the strong presumption in favor of voluntary settlement agreements is "especially strong" in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation. *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995); *Rabbenou*, 2017 U.S. Dist. LEXIS 122055 at *2 n.2 (noting the "strong presumption in favor of settlement") (citing *Farris v. J.C. Penney Co.*, 176 F.3d 706, 711 (3d Cir. 1999)). The Agreement furthers that purpose and will conserve substantial judicial resources. Thus, the Agreement is fair and reasonable as it guarantees a financial amount for Plaintiffs, and avoids extensive litigation.

Third, the Agreement does not frustrate the purposes of the FLSA. Defendants continue to deny liability. Resolution of these claims through trial would be expensive and difficult for Plaintiffs. As stated above, there is a bona fide dispute between the Parties and the compromise reached is fair and reasonable without violation of the FLSA. *Gabrielyan*, 2015 U.S. Dist. LEXIS 13515 at *4.

## Conclusion

For the reasons above, it is respectfully submitted that the Court GRANT the Parties' Motion and approve the settlement.

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman

cc:   All counsel of record (via ECF)