**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MERVE SIRIN, et al.,** | |
| Plaintiffs, | |
| v. | Civil Action No.: 20-7853 (CLW) |
| **PORTX, INC., et al.,** | |
| Defendants. | ORDER |

**CATHY L WALDOR, U.S.M.J.**

This matter comes before the Court by way of the parties' joint application for approval of the final Settlement Agreement. (ECF No. 25). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves this application without oral argument. Upon careful consideration of the parties' joint submission, as well as the balance of the record for this matter, and for good cause shown; and

**WHEREAS** Plaintiffs Merve Sirin, Melis Barnett-Alpinar, and Kutay Akyuz, former employees of Defendant Portx, Inc., (Am. Compl. ¶ 1, ECF No. 15), filed this action on behalf of themselves and a putative class of similarly situated persons, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Jersey Wage and Hour Law, N.J.S.A. § 34:14-56a, *et seq.*, (Am. Compl., ¶¶ 4-8, ECF No. 15);[1] and

**WHEREAS**, the record reflects that Plaintiffs never moved to certify a class and that no additional claimants ever sought to join this lawsuit. Thus, the only claims before this Court are

---

[1] Plaintiff Sirin "also alleged a separate claim for unpaid sick leave under the New Jersey Paid Sick Leave Act, N.J.S.A. 34:11-D1." (Joint Br. at 2, ECF No. 25).

those of Plaintiffs Sirin, Barnett-Alpinar, and Akyuz. (Joint Br. at 2, ECF No. 25); and

**WHEREAS** the parties have reached an agreement to resolve those claims. Pursuant to the parties' Settlement Agreement, Defendants are required to pay a total of $92,500.00, broken down as follows: (1) $31,255.64 paid to Plaintiff Sirin; (2) $18,633.18 paid to Plaintiff Akyuz; (3) $10,218.20 to Plaintiff Barnett-Alpinar; and (4) $32,392.98 to Plaintiffs' counsel. (Settlement Agreement at 1-2, ECF No. 25-1). In exchange for those payments, Plaintiffs agreed to release their claims against Defendants. (*Id.* at 2-4). On November 5, 2021, the parties filed a joint motion requesting that the Court approve their settlement. (*Generally* ECF No. 25); and

**WHEREAS**, "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Although it does not appear that the United States Court of Appeals for the Third Circuit has addressed whether such approval is required, "'district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary'" for settlements in FLSA cases involving claims for unpaid wages. *Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330 (ES), 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017) (quoting *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)). This includes claims settled on an individual basis rather than as a collective or class action. *See Rabbenou*, 22017 WL 3315263, at *1; *Morales v. PepsiCo, Inc.*, No. 11-6275 (AET), 2012 WL 870752, at *1 (D.N.J. Mar. 12, 2012). Within the District of New Jersey, courts presiding over FLSA claims "'should approve a settlement agreement if it is fair and resolves a bona fide dispute.'" *Quiahua v. Bambrick*, No. 16-8446 (JLL), 2018 U.S. Dist. LEXIS 242495, at *4 (D.N.J. Feb. 16, 2018) (quoting *Castaldo v. McLoone's Asbury Park, LLC*, No. 14-5741 (WJM), 2015 U.S. Dist. LEXIS

67644, at *2-3 (D.N.J. May 26, 2015)); *accord Rabbenou*, 2017 WL 3315263, at *1; *PepsiCo*, 2012 WL 870752, at *1. Moreover, "[w]hen analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements." *Castaldo*, 2015 U.S. Dist. LEXIS 67644, at *3 (citing *Farris v. JC Penny Co.*, 176 F.3d 706, 711 (3d Cir. 1999)); and

**WHEREAS** the Court finds that the parties' Settlement Agreement resolves bona fide disputes of both law and fact. Among other issues, the parties disagree regarding: (1) whether Plaintiffs were exempt from overtime pay requirements altogether, by virtue of the nature of their respective positions; and (2) whether Plaintiffs had worked more than 40 hours during any given week. (Joint Br. at 3-4, ECF No. 25). By reaching a settlement, the parties have avoided the costs and uncertainties of litigating these issues; and

**WHEREAS** the Court further concludes that the Settlement Agreement is fair and reasonable and reflects good faith negotiations between the parties, all of whom are represented by counsel. When making such a determination, "courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-cv-1771 (CCC), 2015 U.S. Dist. LEXIS 135615, at *3-4 (D.N.J. Oct. 5, 2015) (collecting cases). As to the former consideration, the Court notes that the amount each Plaintiff will receive is comprised of sums attributable to their claims "for wages allegedly owed", as well as a matching amount for "liquidated damages." (Settlement Agreement at 1-2, ECF No. 25-1). The Court also observes that each Plaintiff will receive a different amount, commensurate with the extent of their alleged injuries. (*Id.*). In exchange for those payments, Plaintiffs have agreed to a release of claims. (*Id.* at 2-4). That resolution is a fair and reasonable outcome for Plaintiffs. As to the latter prong, the Court finds that nothing in the record suggests that the parties' settlement might frustrate

the purposes or implementation of the FLSA; and

**WHEREAS** the parties' agreement also provides that a portion of the total settlement fund is allocated for Plaintiffs' counsel's fees and expenses. Specifically, of the $92,500.00 total settlement amount, $32,392.98 (approximately 35% of the total) is earmarked for that purpose. (Settlement Agreement at 1-2, ECF No. 25-1). When evaluating the property of fee awards, Courts in this Circuit typically use either the "loadstar" method (calculating a fee by multiplying a reasonable hourly rate by a reasonable number of hours worked) or the "percentage-of-recovery" method. *E.g.*, *Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions),* 148 F.3d 283, 333 (3d Cir. 1998) (citations omitted). Plaintiffs' counsel's proposed fee award in this case appears to be based on the latter. As one Court in this District recently recognized when considering the propriety of a "percentage-of-recovery" fee allocation when approving a settlement of FLSA claims, "the courts of this Circuit routinely approve attorneys' fees of around 30 percent of settlement funds in FLSA cases." *Morales v. Unique Beginning Caterers Ltd. Liab. Co.*, No. 1:20-cv-10026 (CPO), 2021 U.S. Dist. LEXIS 236744, at *8 (D.N.J. Dec. 10, 2021) (collecting cases and ultimately finding counsel's request for fees equaling 33.3% of the total settlement amount to be "reasonable."). This Court likewise finds Plaintiff's counsel's unopposed request for an award of fees and costs totaling approximately 35% of the total settlement amount to be reasonable; and

**WHEREAS**, based on the foregoing reasons, the Court will approve the parties' Settlement Agreement in this matter;

**IT IS** on this 16th day of February 2022,

**ORDERED** that the parties' joint application to approve their Settlement Agreement, (ECF No. 25), is **GRANTED**; and it is further

**ORDERED** that the Court hereby approves the terms of the parties' Settlement Agreement, (ECF No. 25-1), as a fair and reasonable resolution of the parties' bona fide dispute; and it is further

**ORDERED** that, without affecting the finality of this Order, the Court will retain jurisdiction to enforce the terms of the Settlement Agreement and preside over any issues flowing from distribution of the settlement proceeds; and it is further

**ORDERED** that this case is hereby **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to close this case.

<u>**s/ Cathy L. Waldor**</u>
**Hon. Cathy L. Waldor, U.S.M.J.**